# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CARRIE NICOLE THOMAS,
    Appellant,

v.

DEPARTMENT OF THE NAVY,
    Agency.

DOCKET NUMBER
DC-0752-21-0311-I-2

DATE: August 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carrie Nicole Thomas</u>, Madison Heights, Virginia, pro se.

<u>Javier L. Martinez</u>, Esquire, Indian Head, Maryland, for the agency.

<u>Steven Lippman</u>, Esquire, Washington Navy Yard, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her indefinite suspension. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The agency indefinitely suspended the appellant, who works as a NH-IV-0501 Financial Management Analyst with the agency's Naval Sea Systems Command (NAVSEA), for failure to maintain a condition of employment after NAVSEA suspended the appellant's access to classified information and assignment to a sensitive position. *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-21-0311-I-1, Initial Appeal File (IAF), Tab 1 at 1, 9-10, Tab 16 at 18-21. The appellant appealed her indefinite suspension to the Board, alleging harmful error, discrimination, and reprisal. IAF, Tab 1 at 5-6. After holding the requested hearing, the administrative judge issued an initial decision affirming the agency's action, finding that the appellant failed to prove that the agency committed harmful procedural error and, to the extent that the administrative judge was able to consider part of the appellant's discrimination claim regarding the agency's decision to indefinitely suspend her instead of reassign her, which did not implicate the security clearance determination itself, that the appellant failed to establish her affirmative defense of discrimination or reprisal. *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-21-0311-I-2, Appeal File (I-2 AF), Tab 19, Initial Decision (ID). The initial decision, issued on January 20, 2022, informed the appellant that any petition for review must be filed with the Board by February 24, 2022, or, if the appellant proved that she received the initial decision more than 5 days after the date it was issued, that she could file a petition for review within 30 days of the date that she received the initial decision. ID at 1, 15.

The appellant filed a petition for review via the e-Appeal system on February 25, 2022 at 3:54 a.m. Petition for Review (PFR) File, Tab 1. E-Appeal informed the appellant that her petition appeared to be untimely filed and

provided her with notice of how to establish good cause for the untimely filing. *Id.* at 3. On March 7, 2022, the Clerk of the Board also issued an acknowledgement letter informing the appellant that her petition for review appeared to be untimely filed and affording her the opportunity to file a motion to accept the filing as timely and/or waive the time limit for good cause. PFR File, Tab 2 at 2. On March 22, 2022, the appellant filed a motion to waive the time limit for good cause, alleging that her mental health disability affected her ability to meet the filing deadline and submitting two letters from medical providers to that effect. PFR File, Tab 3. The agency has filed a response arguing that the appellant's petition for review fails to meet the standards for obtaining review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations require that a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The appellant states that she does not know when she received a copy of the initial decision. PFR File, Tab 1 at 3. However, the appellant elected to register as an e-filer at the inception of her appeal and the Board's regulations provide that pleadings and Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. *See* IAF, Tab 1 at 2; 5 C.F.R. § 1201.14(m)(2) (2022). When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, 584 (2009) (citing *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006)). Thus, we deem the appellant to have received the initial decision on January 20, 2022 and, therefore, her petition for review filed on February 25, 2022 was untimely. *See* 5 C.F.R. § 1201.14(m)(1) (2022) (providing

that the date of filing for an electronic submission via e-Appeal is the date of electronic submission).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant filed her petition for review almost 4 hours after the February 24, 2022 deadline set forth in the initial decision. ID at 15; PFR File, Tab 1. In response to the e-Appeal prompt informing her that her petition appeared to be untimely, the appellant stated that she had difficulties trying to upload the file because the directions were not clear. PFR File, Tab 1 at 3. She also stated that she spent an hour trying to upload her document and asserted "I am 13 minutes late. Please consider this as timely, this was purely an oversight on my behalf of how to post this document." *Id.* We do not find that either assertion shows good cause for waiving the filing deadline.

The initial decision explicitly informed the appellant that her petition for review had to be filed on or before February 24, 2022, or the initial decision would become final. ID at 15. Only under limited circumstances will the Board excuse delays in filing caused by difficulties encountered with e-Appeal. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 5 (2014). Further, an

appellant's confusion and lack of sophistication, which contribute to a late filing, may be taken into account when determining whether good cause for a late filing exists. *Forst v. Office of Personnel Management*, 97 M.S.P.R. 142, ¶ 7 (2004). However, an appellant must show that such confusion is related to a specific ambiguity in either the instructions she received or in a Board procedure. *Id.* The Board has held that when an appellant delays the filing of her petition for review until the eleventh hour, the appellant bears the risk that unforeseen circumstances could prevent the timely filing of her petition. *See Baker v. Department of Justice*, 41 M.S.P.R. 25, 27 (1989). We do not find that the appellant has sufficiently explained how her confusion related to a specific ambiguity in either the instructions she received or in a Board procedure. *See Forst*, 97 M.S.P.R. 142, ¶ 7. There is also no evidence in the record that the appellant attempted to pursue alternate means to timely file her petition. *See* 5 C.F.R. § 1201.14(f) (2022) ("A party or representative who has registered as an e-filer may file any pleading by non-electronic means, i.e., via postal mail, fax, or personal or commercial delivery."). Although the delay here was minimal, and the appellant is pro se, the Board has consistently denied a waiver of its filing deadline in cases where the delay was minimal and the appellant failed to show good cause. *See, e.g.*, *Noble v. U.S. Postal Service*, 73 M.S.P.R. 59, 62–63 (1997).

In the appellant's motion to waive the time limit for good cause, she additionally contends that good cause exists for her untimely filing because she has mental health conditions, the hearing took a heavy toll on her mental status, and she found it very difficult to concentrate in order to respond to the initial decision. PFR File, Tab 3 at 4. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for

an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish good cause for waiver of the Board's filing deadline based on physical or mental illness, there is no general incapacitation requirement; rather, the appellant is required to explain only why her alleged illness impaired her ability to meet the Board's filing deadline or seek an extension of time. *Id.* at 437 n.*.

Here, the appellant submitted a letter from her clinical psychologist dated March 1, 2022, stating that she has been engaged in mental health treatment since May 2020 for specific concerns detailed in the letter. PFR File, Tab 3 at 6. Although the appellant's psychologist notes that at this time the appellant reports persistent mental health symptoms, which include motivation and concentration difficulty, he also states that during her treatment she has completed steps to manage legal and financial stressors, has met her basic needs, and has attended healthcare appointments. *Id.* The appellant also submitted a letter from another medical provider dated January 20, 2022, which states that the appellant is being treated for the same conditions noted by the clinical psychologist and "continues to struggle with [those conditions] despite current treatments." *Id.* at 7.

Although the March 2022 letter from the appellant's psychologist indicates that she was suffering from mental health symptoms during the time period after the initial decision was issued and before her petition for review was due, neither the appellant nor either letter explains how these mental health symptoms prevented her from timely filing her appeal or requesting an extension of time. *See Lacy*, 78 M.S.P.R. at 437; PFR File, Tab 3 at 6-7. In fact, the appellant's psychologist stated that during the appellant's treatment, which includes the relevant time period, she has completed steps to manage legal stressors. PFR File, Tab 3 at 6. Therefore, we find that the appellant has failed to establish good cause for her filing delay based on illness. *Cf. Le Master v. Department of Veterans Affairs*, 79 M.S.P.R. 680, ¶¶ 9–10 (1998) (good cause shown where the appellant's psychologist explained that the cognitive aspects of the appellant's

major depression rendered him unable to appreciate and probably unable to remember the filing deadline); *Earl v. Department of the Army*, 79 M.S.P.R. 194, ¶ 9 (1998) (finding good cause for the filing delay where the medical evidence explained that the appellant's depression, among other things, caused deficiencies in concentration, persistence, and pace that resulted in a failure to complete tasks in a timely manner).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the indefinite suspension appeal.

### NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.